UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALQUICIRA-PEREZ,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-07113-DC-CSK (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 3) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

Noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). Further, this court has previously addressed the legal issues raised by the petition. (Doc. No. 1.) Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-

DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, 2026 WL 539409 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-02045-DC-CSK, 2026 WL 1131003 (E.D. Cal. Apr. 25, 2026) (same as to noncitizen who lived in United States for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, 2026 WL 1482712 (E.D. Cal. May 27, 2026) (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, 2026 WL 1134641 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, 2026 WL 640924 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years).

On September 8, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 7.) The court also directed Respondent to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Alvarez Maciel* and *Barajas Ortiz*. (*Id.*)

On September 10, 2026, Respondent filed an opposition to Petitioner's motion for temporary restraining order in which he opposes Petitioner's motion on the same grounds as those addressed by the court in the aforementioned cases but does not otherwise acknowledge *Alvarez Maciel* and *Barajas Ortiz*. (Doc. No. 8.) Respondent does not indicate opposition to the court

ruling directly on the habeas petition. (*Id.*) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition.

Because Respondent has not made any new legal arguments and has not identified any factual or legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 3) and petition for writ of habeas corpus (Doc. No. 1) for the reasons set forth in the court's order in *Zuniga Cruz*.[1] Further, as the court found in *Zuniga Cruz*, the proper remedy for Respondent's failure to provide Petitioner with a statutorily compliant bond hearing is Petitioner's immediate release. *Zuniga Cruz*, 2026 WL 890471, at *4.

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 3) are GRANTED as follows:
   a. Petitioner Jose Alquicira-Perez (A-221-363-600) shall be released immediately from Respondent's custody. Respondent shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
   a. If the government seeks to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety; and
   b. This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable

[1] Because the court is granting the petition on the statutory claim, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

final order of removal and Petitioner receives notice of that final order of removal;

2. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 14, 2026**

Dena Coggins
United States District Judge